IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JAMES VON HALLFORD,

          Petitioner,

v.

T. J. GIRDNER,

          Respondent.

Case No. 20-CIV-374-JFH-KEW

## OPINION AND ORDER

Petitioner, a pro se prisoner who is incarcerated in the David L. Moss Criminal Justice Center in Tulsa, Oklahoma, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his conviction and sentence in Cherokee County District Court Case No. CM-2020-659 for a bogus or bounced check under $1,000. [Dkt. No. 1].

Petitioner alleges the state district court lacked jurisdiction under *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), because his offense was committed in Indian Country and can only be subject to federal criminal law. He maintains he raised this claim in the state district court in a motion to dismiss at his sentencing hearing. The state district court, however, allegedly denied the motion off the record. Petitioner asserts he did not appeal the denial, because he did not know where to appeal it. [Dkt. No. 1 at 3]. Plaintiff further alleges he filed in the state district court a motion to vacate sentence and dismiss charge, however, no ruling has been issued. *Id*. at 5.

According to the Oklahoma State Courts Network at www.oscn.net (accessed on March 1, 2021),[1] Petitioner filed a motion to dismiss in Case No. CM-2020-659 on September 8, 2020, and a motion to vacate sentence and dismiss charge on September 25, 2020. His judgment and sentence in the case was entered on December 15, 2020, however, no rulings on the motions are indicated. An order to prepare the transcript was entered on February 3, 2021.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

U.S. 509, 518-19 (1982).  It appears from the record that Petitioner failed to exhaust his state court remedies before commencing this habeas corpus action.

THEREFORE, Petitioner is directed to **SHOW CAUSE IN WRITING** within twenty (20) days why this habeas corpus action should not be dismissed without prejudice for his failure to exhaust the state court remedies for his claim.  Failure to show cause as directed will result in dismissal of this action without prejudice.

**IT IS SO ORDERED** this 3rd day of March 2021.

```
                              _____
                              JOHN F. HEIL, III
                              UNITED STATES DISTRICT JUDGE
```