IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES VON HALLFORD,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 20-374-RAW-KEW |
| | ) |
| **JOHN O'CONNOR,** | ) |
| **Oklahoma Attorney General,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 11). Petitioner is a pro se former state prisoner who is challenging his conviction and sentence in Cherokee County District Court Case No. CM-2020-659 for Obtaining Money by False Pretense, a misdemeanor.[1] He raises the following ground for relief:

> Lack of jurisdiction to arrest, detain, prosecute, and incarcerate Defendant. The Petitioner's conviction stems from a crime committed inside the boundries [sic] of "Indian Country," specifically the Cherokee Nation Reservation. The Petitioner was born on the Creek Nation Reservation and is a desendant [sic] of the Cherokee and Choctaw people. *McGirt v. Oklahoma* (2020) falls [sic] jurisdiction to the Cherokee Nation Tribal Court and the United States District Courts.

(Dkt. 1 at 5).

Respondent alleges Petitioner has failed to exhaust the necessary state court remedies

---

[1] Petitioner presently is a federal prisoner at USP Leavenworth in Leavenworth, Kansas.

under 28 U.S.C. § 2254(b)(1)(A). Petitioner has not filed a response to the motion.

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). There is an exception to the exhaustion requirement if exhaustion would be futile, but it is the petitioner's burden to so prove. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)). To prove exhaustion of the

claim would be futile, Petitioner must show "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)).

As noted in the Court's earlier Opinion and Order (Dkt. 7), the record shows that on September 8, 2020, Petitioner filed a motion to dismiss in Case No. CM-2020-659, and on September 25, 2020, he filed a motion to vacate sentence and dismiss charge. *See* Oklahoma State Court Network (OSCN) at www.oscn.net.[2] Petitioner's judgment and sentence in CM-2020-659 was entered on December 15, 2020. On March 12, 2021, the state district court denied Petitioner's motion to vacate sentence, finding there was "[no] claim or indication in Motion that [Petitioner] is enrolled tribal member" (Dkt. 12-4). According to the OSCN, Petitioner has not appealed the district court's March 12, 2021, decision to the Oklahoma Court of Criminal Appeals (OCCA).

Although the time for appealing the state court's order has lapsed, the OCCA permits a request for an application for post-conviction relief out of time. The Court thus finds Petitioner still has an available state court remedy available to him, and exhaustion would not be futile. *See Nash v. Crow*, No. 20-CV-406-JFH-KEW, 2021 WL 1588970, at *2 (E.D. Okla. Apr. 22, 2021) (unpublished) (finding the petitioner could not show "that an attempt to exhaust would be futile, because he could apply for a post-conviction appeal out of time

---

[2] The Court takes judicial notice of the public records of the OSCN. *See Pace v. Addison*, No. CIV -14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

pursuant to Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2011)").

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 11) is GRANTED, this action is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 12th day of January 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA